IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HENSEL PHELPS CONSTRUCTION COMPANY, | § § § |
| Plaintiff-Counterdefendant, | § § |
| and | § § |
| McCARTHY BUILDING COMPANIES, INC., | § § § |
| Plaintiff, | § § |
| VS. | § § Civil Action No. 3:03-CV-3043-D |
| DALLAS/FORT WORTH INTERNATIONAL AIRPORT BOARD, | § § § |
| Defendant-Counterplaintiff-Third-Party Plaintiff, | § § § |
| VS. | § § |
| KELLOGG BROWN & ROOT, INC., | § § |
| Third-Party Defendant. | § |

MEMORANDUM OPINION
AND ORDER

The court must decide issues of governmental immunity from liability and from suit arising in an action brought by a contractor and subcontractor against a governmental entity that entered into contracts with the contractor but not with the subcontractor.

I

This is a suit by plaintiff-counterdefendant Hensel Phelps Construction Company ("HPCC") and plaintiff McCarthy Building Companies, Inc. ("McCarthy") against defendant-counterplaintiff-third-party plaintiff Dallas/Fort Worth International Airport Board ("DFW") arising from disputes

concerning monies allegedly owed for construction of components of the Automated People Mover ("APM") at Dallas/Fort Worth International Airport.[1]  HPCC is the general contractor on the APM project, and McCarthy was a subcontractor.  HPCC and McCarthy allege that DFW's actions hindered their performance and resulted in increased costs to them, and that DFW refused to compensate McCarthy after it completed its work.  HPCC sues DFW for breach of contract or, alternatively, quantum meruit.  McCarthy sues for breach of contract.[2]

DFW moves to dismiss for lack of subject matter jurisdiction or, alternatively, for abstention.  It maintains that it is partially immune from liability, insofar as HPCC is seeking by its claim for breach of contract to recover on behalf of McCarthy—with whom DFW had no contract—and is immune from liability on HPCC's quantum meruit claim.  DFW also posits that it is immune from suit as to all claims.  Alternatively, it asks that, if the court does not grant its motion to dismiss, it abstain pending decisions by the Supreme Court of Texas in cases that present questions concerning immunity from suit.

---

[1] McCarthy initiated this lawsuit by suing HPCC, seeking to recover payment for services it rendered as an HPCC subcontractor on the APM project.  HPCC invoked a provision of the McCarthy subcontract that required McCarthy to pursue its claims against DFW.  HPCC and McCarthy then entered into a standstill agreement under which they agreed to pursue claims against DFW.  They filed an amended complaint in which they both sue DFW.  DFW brought a counterclaim against HPCC, and it also initiated a third-party action against Kellogg Brown & Root, Inc.  DFW's third-party action is not at issue in this motion, and the court will not discuss it further.

[2] Both sue for breach of the prompt pay obligations imposed by Tex. Gov't Code Ann. ch. 2251 (Vernon 2000 & Supp. 2004-2005).  DFW does not explicitly address these claims, *see* D. Mot. at 4, but statements made at oral argument suggest that they may have been resolved by the parties.

II

Texas recognizes two types of governmental immunity:[3] immunity from liability and immunity from suit. *See, e.g., Webb v. City of Dallas, Tex.*, 314 F.3d 787, 792 (5th Cir. 2002). "Immunity from liability protects the State from a judgment against it even if the State legislature has expressly consented to suit; in contrast, immunity from suit bars an action against the State unless the State expressly consents to suit." *Id.* HPCC and McCarthy do not dispute that DFW is an entity established by the cities of Dallas and Fort Worth that can qualify for immunity. *See* Ps. Resp. Br. at 7 ("Because [DFW] is a joint board established by the Cities [of Dallas and Fort Worth], this suit potentially implicates the doctrine of sovereign immunity."). They argue instead that DFW waived its immunity from liability by contracting with HPCC and with McCarthy through HPCC, and that the Legislature waived DFW's immunity from suit. Both sides recognize that the governmental immunity law of the forum state, Texas, applies in this diversity case. *See Webb*, 314 F.3d at 792.

III

The court considers first whether DFW is immune from liability and suit concerning the claim for breach of contract that HPCC brings on its own behalf[4] and its quantum meruit claim.

---

[3]Although DFW refers in its motion to sovereign immunity as well as governmental immunity, the correct term is governmental immunity. Sovereign immunity applies to the State of Texas, and governmental immunity applies to subdivisions of the State. *See United Water Servs., Inc. v. City of Houston*, 137 S.W.3d 747, 750 n.4 (Tex. App.—Houston [1st Dist.] 2004, pet. filed).

[4]DFW suggests in its motion to dismiss that HPCC's breach of contract claim is brought only on behalf of McCarthy. It is clear from HPCC's second amended complaint, however, that it sues on its own behalf as well.

A

In its motion to dismiss, DFW acknowledges that a governmental entity waives immunity from liability when it contracts with another party. *See* D. Mot. Dis. at 6 (citing *Tex. Natural Res. Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002)). It is undisputed that DFW entered into contracts with HPCC on September 3, 1998 and September 14, 2000. Thus DFW is not immune from liability as to HPCC's breach of contract claim to the extent based on services that it provided DFW under contract.

B

HPCC seeks in the alternative to recover in quantum meruit. DFW opposes the claim based on immunity from liability. It reasons that quantum meruit is available only when there is no express contract that covers the services, and, absent a contract between HPCC and DFW, DFW did not waive immunity from liability. HPCC counters that the same conduct that supports its contract claim supports a quasi-contractual action in quantum meruit, and that the waiver of immunity applies to both contractual and quasi-contractual claims.

HPCC does not cite controlling authority[5] that supports the premise that a governmental entity waives immunity from liability on a claim for quantum meruit. It is attempting to circumvent settled law that requires the existence of a contract for a waiver of immunity from liability, *see*, *e.g.*, *General Services Commission v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001), by relying on a cause of action that is only available in the absence of an express contract that covers the services rendered or materials supplied, *see Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). HPCC cites the Texas Supreme Court's decision in *Truly* to support the premise that quantum meruit

---

[5] HPCC cites an unpublished opinion of a Texas Court of Appeals.

recovery is possible even where there is an express contract. *Truly* discussed two circumstances in which a plaintiff can recover in quantum meruit despite the existence of an express contract that covered the subject matter of the claim: (1) where a plaintiff has partially performed an express contract but, because of the defendant's breach, the plaintiff is prevented from completing the contract, and (2) where a plaintiff partially performs an express contract that is unilateral in nature. *Truly*, 744 S.W.2d at 936-37. HPCC does not fit under either exception, because it does not allege that DFW prevented it from completing the contract at issue, and the contract is bilateral.[6] Accordingly, even assuming that *Truly* could serve as a legal basis to overcome DFW's immunity from liability, HPCC does not qualify under either *Truly* exception.

Moreover, were HPCC correct that a quantum meruit recovery is available despite immunity from liability, governmental entities could be subjected to liability through the simple expedient of a quantum meruit claim, precisely in those instances where the entity did not enter into an express contract and thus did not contractually waive such immunity. HPCC has failed to demonstrate that Texas would countenance such a gaping hole in the settled doctrine that immunity from liability is waived by contract. The court thus holds that DFW is immune from liability on HPCC's quantum meruit action, and it is dismissed.

---

[6]HPCC asserted during oral argument that the court must accept its factual assertions as true for the purpose of deciding a motion to dismiss. Under the standard for deciding DFW's Fed. R. Civ. P. 12(b)(1) motion, however, the court may examine the facts in determining whether the *Truly* exception applies. *See, e.g., MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990) (noting that "[i]n determining whether it has subject matter jurisdiction the district court may base its decision on: 1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.").

C

DFW also maintains that it is entitled to immunity from suit as to each of plaintiffs' causes of action. DFW's immunity is derived from that of the cities of Dallas and Fort Worth. HPCC and McCarthy contend that DFW does not enjoy such protection because the Texas Legislature waived immunity in Tex. Local Gov't Code Ann. § 51.075 (Vernon 1999 & Supp. 2004-2005), and the City of Dallas waived immunity in its City Charter. Section 51.075 provides that a home rule municipality "may plead and be impleaded in any court." The Dallas City Charter states that the City shall have the power "to sue and be sued." *Webb*, 314 F.3d at 793. The Fort Worth Charter is identical to the Dallas City Charter in that it also provides that the City of Fort Worth shall have the power "to sue and be sued."[7]

The Fifth Circuit's decision in *Webb* requires that the court reject DFW's assertion of immunity from suit. In *Webb* the panel held that the Texas Legislature had expressly waived such immunity in Tex. Local Gov't Code Ann. § 51.075. *See Webb*, 314 F.3d at 795. It relied on *Missouri Pacific Railroad v. Brownsville Navigation District*, 453 S.W.2d 812 (Tex. 1970), which holds that the language "sue or be sued" expresses a clear waiver of the State's immunity from suit. *Id.* at 795-96. *Missouri Pacific* and *Webb* are binding precedent.

The court recognizes that there is a split of authority among the Texas intermediate appellate courts concerning whether language of this type is sufficient to waive immunity from suit. *See, e.g., Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 468 (5th Cir. 2004) (discussing split in authority). The Supreme Court of Texas may later resolve this split. *See Serv.*

---

[7]HPCC and McCarthy also contend that DFW waived immunity from suit by filing a counterclaim and third-party action. The court need not address this argument.

- 6 -

*Employment and Redevelopment v. Fort Worth Indep. Sch. Dist.*, ___ S.W.3d ___, 2005 WL 503172, at *11 (Tex. App.—Ft. Worth 2005, no pet. h.) (noting that "the issue of whether 'sue and be sued' and similar language waives immunity from suit is currently before the Texas Supreme Court in twelve cases in which petitions for review have been filed or are pending[.]"). The majority of Texas Courts of Appeals, however, apply the holdings of *Webb* and *Missouri Pacific*.[8] Because *Webb* binds this court in the circumstances presented here, *see FDIC v. Abraham*, 137 F.3d 264, 269 (5th Cir. 1998) (stating that decision of federal circuit court as to state law is binding, and should not be disregarded in favor of state appellate decisions, unless they "comprise[ ] unanimous or near-unanimous holdings from several—preferably a majority—of the intermediate appellate courts of the state in question."), and a majority of the Texas appellate courts follow the holding of *Missouri Pacific*, *see*, *e.g.*, *City of Lubbock v. Adams*, 149 S.W.3d 820, 825 (Tex. App. 2004, no pet.) (holding "the majority of the courts of appeals that have considered the question agree that the [Texas] Supreme Court holding in *Missouri Pacific* that 'sue and be sued' language . . . 'quite plainly' waives consent and 'gives general consent' for the governmental agency to be sued."), the court concludes that DFW is not immune from HPCC's suit.

IV

The court considers next whether DFW is immune from liability and suit concerning McCarthy's breach of contract action or HPCC's breach of contract claim for work that McCarthy

---

[8]*See*, *e.g.*, *Goerlitz v. City of Midland*, 101 S.W.3d 573, 577 (Tex. App.—El Paso 2003, pet. filed); *City of Texarkana v. City of New Boston*, 141 S.W.3d 778, 789 (Tex. App.—Texarkana 2004, no pet.); *City of Lubbock v. Adams*, 149 S.W.3d 820, 825 (Tex. App.—Amarillo 2004, pet. filed); *United Water Servs., Inc. v. City of Houston*, 137 S.W.3d 747, 755 (Tex. App.— Houston [1st Dist.] 2004, pet. filed).

- 7 -

performed.[9]  DFW argues that, by contracting with HPCC, it did not waive immunity from liability or suit for claims brought by or on behalf of McCarthy.

A

The court first addresses HPCC's breach of contract claim for work that McCarthy performed.  Under Texas law, a contractor who is liable to a subcontractor for damages the subcontractor sustained can, pursuant to a pass-through agreement, bring an action against the owner for the subcontractor's damages.  *Interstate Contracting Corp. v. City of Dallas*, 135 S.W.3d 605, 607 (Tex. 2004) (answering certified questions from Fifth Circuit).  Although in *Interstate Contracting* the Texas Supreme Court declined to address whether sovereign immunity must be waived before a pass-through claim against a governmental entity could be recognized, *see id.* at 620, this court holds that this conclusion follows from Texas law.

The Texas Supreme Court has repeatedly held that, "[w]hen a governmental entity contracts with a private party, . . . it is liable on its contracts as if it were a private party." *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex. 2002); *see Gen. Servs. Comm'n,* 39 S.W.3d at 594; *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997).  Under *Interstate Contracting* a contractor who is in privity of contract with an owner has standing to assert against the owner the claims of its subcontractor for which the contractor remains liable to the subcontractor.  *See Interstate Contracting*, 135 S.W.3d at 618 & 619 ("Texas requires that the contractor remain liable to the subcontractor for damages sustained by the subcontractor.").  It therefore follows that, when a governmental entity-owner waives immunity from liability by entering into a contract with a

---

[9]Plaintiffs' counsel conceded at oral argument that McCarthy does not assert a quantum meruit claim against DFW.

- 8 -

contractor, it also waives immunity from liability with respect to all pass-through claims that the contractor may lawfully assert under the contract.

In the present case, by entering into contracts with HPCC, DFW waived its immunity from liability for pass-through claims that HPCC may lawfully assert under the contracts, i.e., claims for which HPCC remains liable to McCarthy for damages that McCarthy has sustained. The court declines to dismiss on the basis of immunity from liability HPCC's breach of contract claim to the extent it seeks to assert pass-through claims against DFW that are available under contracts between HPCC and DFW.

B

The court considers next whether DFW is immune from liability with respect to McCarthy's breach of contract claim. Plaintiffs contend that DFW waived immunity from liability because it had final authority over, and prescribed the terms of, a universal form subcontract that HPCC was required to and did use with McCarthy.

The right of immunity provides governmental entities protection from lawsuits for money damages. *Gen. Servs. Comm'n*, 39 S.W.3d at 594. Even if the State expressly waives its immunity from suit through legislative consent, individual governmental entities maintain their immunity from liability for money damages. *See id*. When the State contracts with a private citizen, however, it waives immunity from liability. *See Tex. Natural Res. Comm'n*, 74 S.W.3d at 854; *Gen. Servs. Comm'n*, 39 S.W.3d at 594; *Fed. Sign*, 951 S.W.2d at 405-06. Immunity is the default rule for governmental entities in Texas. The necessity of an affirmative act to waive immunity from liability is a safeguard intended to protect such immunity. Plaintiffs have failed to cite any authority to support the proposition that a governmental entity waives immunity from liability by prescribing

the terms of the contract that may have affected the performance of a party with whom it did not contract. The court has located no precedent that abrogates immunity from liability on this basis. Accordingly, the court concludes that DFW is immune from liability on McCarthy's breach of contract claim because it has no contract with McCarthy.

C

For the reasons set out above, *see supra* § III(C), the court holds that DFW is not immune from suit as to the pass-through claims that HPCC may lawfully assert on behalf of McCarthy.

V

DFW moves in the alternative that the court abstain from this case and stay the litigation pending the outcome of cases before the Supreme Court of Texas that address the issue of immunity from suit. It relies on the *Thibodaux*[10] doctrine that permits abstention when state law is unsettled. Because the court holds that this case is controlled by binding Fifth Circuit precedent that is consistent with the latest decision of the Supreme Court of Texas and the majority of Texas Courts of Appeals that have addressed the issue, the court declines to abstain.

\* \* \*

Accordingly, for the reasons set out, the court grants in part and denies in part DFW's December 20, 2004 second motion to dismiss for lack of subject-matter jurisdiction and, in the alternative, for abstention. In sum, the court holds that DFW is not immune from suit, but that it is immune from liability with respect to HPCC's quantum meruit and McCarthy's breach of contract

---

[10]*La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959).

claims. DFW is not immune from liability as to HPCC's breach of contract claim for its own services or for pass-through claims of McCarthy that HPCC is entitled by law to assert under the contracts at issue.

**SO ORDERED**.

June 22, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE